## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of ___Dekalb___ County

| For Clerk Use Only | |
|---|---|
| Date Filed ___7/5/2022___ <br> **MM-DD-YYYY** | Case Number ___22A02433___ |

**Plaintiff(s)**

Reese___ Kanice___

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Swift Transportation Company of Arizona LLC d/b/a Swift Transportation

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Red Rock Risk Retention Group INC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Riverwood Claims Management INC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Driver Jane Doe

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** ___R. Lee Page Jr.___     Bar Number _____     Self-Represented ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**     **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

## General Civil and Domestic Relations Case Filing Instructions

1. Provide the class of court and county in which the case is being filed.
2. Provide the plaintiff's and defendant's names.
3. Provide the plaintiff's attorney's name and Bar number. If you are representing yourself, provide your own name and check the self-represented box.
4. Provide the type of case by checking only *one* appropriate box. Cases can be either general civil or domestic relations and only *one* type of case within those categories. Check the case type that most accurately describes the primary case. If you are making more than one type of claim, check the case type that involves the largest amount of damages or the one you consider most important. See below for definitions of each case type.
5. Provide the type of post-judgment action, if applicable, by checking the appropriate box. Post-judgment cases are those that seek to enforce or modify an existing judgment. If the case is a post-judgment matter, an initial case type in the general civil and domestic relations boxes must be checked.
6. Provide an answer to the four questions by checking the appropriate boxes and/or filling in the appropriate lines.

### Case Type Definitions

#### General Civil Cases

**Automobile Tort:** Any tort case involving personal injury, property damage, or wrongful death resulting from alleged negligent operation of a motor vehicle.

**Civil Appeal:** Any case disputing the finding of a limited jurisdiction trial court, department, or administrative agency.

**Contract:** Any case involving a dispute over an agreement between two or more parties.

**Garnishment:** Any case where, after a monetary judgment, a third party who has money or other property belonging to the defendant is required to turn over such money or property to the court.

**General Tort:** Any tort case that is not defined or is not attributable to one of the other torts.

**Habeas Corpus:** Any case designed to test the legality of the detention or imprisonment of an individual, not the question of guilt or innocence.

**Injunction/Mandamus/Other Writ:** Cases involving a written court order directed to a specific person, requiring that person to perform or refrain from performing a specific act.

**Landlord/Tenant:** Any case involving landlord/tenant disputes wherein the landlord removes a tenant and his/her property from the premises or places a lien on tenant property to repay debt.

**Medical Malpractice Tort:** Any tort case that alleges misconduct or negligence by a person in the medical profession acting in a professional capacity, such as doctors, nurses, physician's assistants, dentists, etc.

**Product Liability Tort:** Any tort case that alleges injury is caused to a person by the manufacturer or seller of an article due to a defect in, or the condition of, the article sold or an alleged breach of duty to provide suitable instructions to prevent injury.

**Real Property:** Any case involving disputes over the ownership, use, boundaries, or value of fixed land.

**Restraining Petition:** Any petition for a restraining order that does not result from a domestic altercation or is not between parties considered to be in a domestic relationship.

**Other General Civil:** Any case in which a plaintiff requests the enforcement or protection of a right or the redress or prevention of a wrong, but does not fit into one of the other defined case categories.

#### Domestic Relations Cases

**Adoption:** Cases involving a request for the establishment of a new, permanent relationship of parent and child between persons not so biologically related.

**Dissolution/Divorce/Separate Maintenance:** Any case involving the dissolution of a marriage or the establishment of alimony or separate maintenance.

**Family Violence Petition:** Any case in which a protective order from a family member or domestic partner is requested.

**Paternity/Legitimation:** Cases involving the establishment of the identity and/or responsibilities of the father of a minor child or the determination of biological offspring.

**Support – IV-D:** Cases filed by the Georgia Department of Human Services to request maintenance of a minor child by a person who is required, under Title IV-D of the Social Security Act of 1973, to provide such maintenance.

**Support – Private (non-IV-D):** Cases filed to request maintenance of a parent/guardian or a minor child by a person who is required by law, but who is not under the auspices of Title IV-D of the Social Security Act of 1973, to provide such maintenance.

**Other Domestic Relations:** Domestic relations cases, including name changes, that do not adequately fit into any of the other case types.

#### Post-Judgment

**Contempt:** Any case alleging failure to comply with a previously existing court order.

**Modification:** Any case seeking to change the terms of a previously existing court order.

**Other/Administrative:** Any case with post-judgment activity that does not fit into contempt or modification categories.

**Please note:** This form is for statistical purposes only. It shall have no legal effect in the case. The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or court rules. Information on this form cannot be entered into evidence.

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

|  |  |  |
|---|---|---|
| | ) | 22A02433 |
| | ) | |
| **KANICE REESE** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **SWIFT TRANSPORTATION CO. OF** | ) | |
| **ARIZONA, LLC d/b/a SWIFT** | ) | |
| **TRANSPORTATION, RED ROCK** | ) | |
| **RISK RETENTION GROUP, INC.,** | ) | |
| **RIVERWOOD CLAIMS** | ) | |
| **MANAGEMENT, INC., and DRIVER** | ) | |
| **JANE DOE.** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

## **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

COMES NOW, **KANICE REESE**, Plaintiff in the above-styled action, who through counsel, files this Complaint for Damages against **SWIFT TRANSPORTATION CO. OF ARIZONA, LLC d/b/a SWIFT TRANSPORTATION, RIVERWOOD CLAIMS MANAGEMENT, INC., AND RED ROCK RISK RETENTION GROUP, INC.**, the Defendants herein, and in support thereof, respectfully shows this Honorable Court as follows:

1.    Venue is properly found to be in this Honorable Court by virtue of the fact that the accident occurred in Dekalb County, Georgia.

2.    Plaintiff, KANICE REESE **(hereinafter, "REESE")** is a United States Citizen and at the time of the accident was a resident of the State of Georgia, and voluntarily subjects herself to the jurisdiction of this Honorable Court.

1

3.      The collision giving rise to this action occurred on or about August 3, 2020 at the address of 1250 Moreland Ave SE, Dekalb County, Atlanta, Georgia.

4.      At all times material, the Defendant, DRIVER JANE DOE **(hereinafter, "DRIVER")**, the authorized driver of the vehicle of Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, is believed to be a resident of Georgia.

5.      At all times material, the Defendant**,** SWIFT TRANSPORTATION CO. OF ARIZONA, LLC **(hereinafter, "SWIFT"),** was a Foreign Limited Liability Company authorized to conduct business in the State of Georgia with its principle place of business in Phoenix, Arizona. It may be served with a copy of the summons and complaint in this action by delivery of same to its registered agent, The Corporation Company (FL), 106 Colony Park Dr, Suite 800-B, Cumming, Georgia.

6.      At all times relevant to this litigation, Defendant, SWIFT, was and is legally liable for the negligent acts of the Defendant, DRIVER, because Defendant, DRIVER was:

        a.      Acting in the course and scope of her employment and/or agency with Defendant, SWIFT and/or

        b.      Was operating, with its knowledge and consent, a vehicle owned by Defendant, SWIFT and/or

        c.      Was operating under the DOT placard of SWIFT

7.      At all times, Defendant, SWIFT owned or was otherwise in legal possession of the truck that was being operated with its consent by Defendant, DRIVER.

8.      Defendant RIVERWOOD CLAIMS MANAGEMENT, INC. **(hereinafter, "RIVERWOOD")** is subject to a direct action as the insurer for defendant SWIFT pursuant to O.C.G.A section 40-2-140.

9.     Defendant RIVERWOOD was the insurer for SWIFT, at the time of the accident and issued a liability policy to comply with the filing requirements of Georgia law for interstate and intrastate transportation. It may be served with a copy of the summons and complaint in this action by delivery of same to its registered agent, National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, Georgia 30046.

10.     Defendant RED ROCK RISK RETENTION GROUP, INC. **(hereinafter, "RED ROCK")** is subject to a direct action as the insurer for defendant SWIFT pursuant to O.C.G.A section 40-2-140.

12.     Defendant RED ROCK was the insurer for SWIFT, at the time of the accident and issued a liability policy to comply with the filing requirements of Georgia law for interstate and intrastate transportation. It may be served with a copy of the summons and complaint in this action by delivery of same to its registered agent, Virginia Henkels, 2200 South 75th Avenue, Phoenix, Arizona 85043.

13.     Defendants are subject to the jurisdiction of this Court and venue is proper in this Court.

14.     As a direct and proximate result of the Defendants' negligence, Plaintiff has incurred reasonable and necessary medical expenses in special damages which are itemized below:

| Medical Provider | Amount of Bill |
|---|---|
| Urgent Care 24/7 Centennial Park | $293.00 |
| Sparlin Health Care | $1,540.00 |
| 904 Chiropractic & Injury Center | $5,665.00 |
| Advanced Diagnostic Group | $1,950.00 |
| Ortho One Jacksonville – Orange Park | $2,041.00 |
| Estimate of C4-C7 Epidural Steroid Injection | $8,000.00 |
| Future Medical Specials | $242,000.00 |
| **TOTAL** | **$261,489.00** |

## COUNT I
## (NEGLIGENCE OF DRIVER JANE DOE)

15.   Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 above as if fully restated.

16.   Defendant **DRIVER**'s negligence consisted of, but was not limited to, the following:

a)  Driving in a reckless disregard for the safety of others in violation of O.C.G.A. § 40-6-390;

b)  Failing to exercise ordinary diligence in violation of O.C.G.A. § 51-1-2-64;

c)  Failing to travel at the proper rate of speed in violation O.C.G.A. § 40-6-180;

d)  Failure to maintain reasonable control of vehicle;

e)  Failure to operate vehicle in a safe fashion under the circumstances then existing;

f)  Failure to take evasive or other reasonable action in order to control vehicle or maintain lane;

g)  Failure to exercise ordinary care;

h)  Operating in violation of O.C.G.A. § 40-6-241;

i)  Failure to keep a proper lookout; and

j)  Committing other reckless and negligent acts and omissions, as shall be shown by the evidence and proven at trial.

17.   Defendant DRIVER failed to operate her vehicle with the due care exercised by individuals in like or similar circumstances and operated the vehicle in a manner showing a disregard for the safety of others, including Plaintiff REESE.

18.   At all times mentioned herein, Plaintiff REESE acted with reasonable care under the conditions and circumstances then existing.

19.   Defendant DRIVER's negligence and violation of Georgia's motor vehicle laws constituted negligence as a matter of law.

20.     As a direct and proximate result of the aforesaid negligence of Defendant, DRIVER, Plaintiff,  REESE, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and  past and future special damages in the amount of **$261,489.00** for Plaintiff (*this amount may be updated by timely amendment to this Complaint)*. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.  Plaintiff, REESE, has sustained permanent injuries within a reasonable degree of medical probability.

WHEREFORE, Plaintiff REESE, having fully set forth her claims for damages against Defendant DRIVER, and based upon the pleadings found herein, Plaintiff  REESE respectfully prays and requests that this Honorable Court:

(a)     Empanel a jury to hear her cause and determine all contested issues of fact;

(b)     Award Plaintiff REESE her actual damages against DRIVER;

(c)     Award Plaintiff REESE her costs of this action, including reasonable attorneys' fees against DRIVER; and

Award Plaintiff REESE such other legal and equitable relief as this Honorable Court shall deem just and proper against DRIVER.

## COUNT II
## (VICARIOUS LIABILITY OF SWIFT TRANSPORATION CO. OF ARIZONA, LLC)

21.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 20 above as if fully restated.

22.     On or about May 8, 2020, Defendant, DRIVER (the authorized driver of the vehicle of Defendant SWIFT)**,** negligently operated the aforementioned vehicle owned by or otherwise in the legal possession of the Defendant, **SWIFT** causing it to directly collide with Plaintiff.

23.     As a direct and proximate result of the aforesaid negligence, Plaintiff, REESE, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and   past and future special damages in the amount of **$261,489.00** for Plaintiff (*this amount may be updated by timely amendment to this Complaint).*  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.  Plaintiff, REESE, has sustained permanent injuries within a reasonable degree of medical probability.

WHEREFORE, Plaintiff REESE, having fully set forth her claims for damages against Defendant SWIFT, and based upon the pleadings found herein, Plaintiff REESE respectfully prays and requests that this Honorable Court:

(a)     Empanel a jury to hear her cause and determine all contested issues of fact;

(b)     Award Plaintiff REESE her actual damages her actual damages against SWIFT;

(c)     Award Plaintiff REESE her costs of this action, including reasonable attorneys' fees against Defendant SWIFT; and award Plaintiff REESE such other legal and equitable relief as this Honorable Court shall deem just and proper against Defendant SWIFT.

**COUNT III**
**NEGLIGENT HIRING, TRAINING & SUPERVISION BY DEFENDANT SWIFT**
**TRANSPORTATION CO. OF ARIZONA, LLC.**

24.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 23 above as if fully restated.

25.     Defendant **SWIFT** was negligent in hiring DRIVER, and entrusting her to drive a vehicle.

26.     Defendant SWIFT was negligent in failing to properly train DRIVER.

27.     Defendant SWIFT was negligent in failing to supervise DRIVER.

28.     Defendant SWIFT's negligence in hiring DRIVER, entrusting her to drive a vehicle owned by Defendant SWIFT, and failing to trian her properly was the proximate cause of the collision at issue and the injuries to the Plaintiff.

29.      As a direct and proximate result of the aforesaid negligence, Plaintiff,  REESE, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and past and future special damages in the amount of **$261,489.00** for Plaintiff (*this amount may be updated by timely amendment to this Complaint*).  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.  Plaintiff, REESE, has sustained permanent injuries within a reasonable degree of medical probability.

WHEREFORE, Plaintiff REESE, having fully set forth her claims for damages against Defendant SWIFT, and based upon the pleadings found herein, Plaintiff REESE respectfully prays and requests that this Honorable Court:

(a)     Empanel a jury to hear her cause and determine all contested issues of fact;

(b)     Award Plaintiff REESE her actual damages against SWIFT;

(c)     Award Plaintiff REESE her costs of this action, including reasonable attorneys' fees against SWIFT; and award Plaintiff  REESE such other legal and equitable relief as this Honorable Court shall deem just and proper against SWIFT.

**COUNT IV**
**(DIRECT ACTION AGAINST RED ROCK RISK RETENTION GROUP, INC.**
**(PURSUANT TO O.C.G.A 40-2-1-40)**

30.      Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 29 above as if fully restated.

31.      Defendant **RED ROCK** is subject to a direct action as the insurer for Defendant SWIFT pursuant to O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

32.      Defendant RED ROCK was the insurer of Defendant SWIFT at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

33.      Defendant RED ROCK and Defendant SWIFT are subject to the filing requirements outlined in O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

34.      Defendant RED ROCK is responsible for any judgment rendered against defendant SWIFT and defendant DRIVER up to its policy limits of coverage.

35.      As a direct and proximate result of the aforesaid negligence, Plaintiff,  REESE, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and past and future special damages in the amount of **$261,489.00** for Plaintiff (*this amount may be updated by timely amendment to this Complaint)*.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.  Plaintiff, REESE, has sustained permanent injuries within a reasonable degree of medical probability.

WHEREFORE, Plaintiff REESE, having fully set forth her claims for damages against Defendant RED ROCK, and based upon the pleadings found herein, Plaintiff REESE respectfully prays and requests that this Honorable Court:

      (a)       Empanel a jury to hear her cause and determine all contested issues of fact;

      (b)       Award Plaintiff REESE her actual damages against RED ROCK;

      (c)       Award Plaintiff REESE her costs of this action, including reasonable attorneys' fees against RED ROCK; and award Plaintiff REESE such other legal and equitable relief as this Honorable Court shall deem just and proper against RED ROCK.

### COUNT V
### (DIRECT ACTION AGAINST RIVERWOOD CLAIMS MANAGEMENT, INC. (PURSUANT TO O.C.G.A 40-2-1-40)

36.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 35 above as if fully restated.

37.     Defendant **RIVERWOOD** is subject to a direct action as the insurer for Defendant SWIFT pursuant to O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

38.     Defendant RIVERWOOD was the insurer of Defendant SWIFT at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

39.     Defendant RIVERWOOD and Defendant SWIFT are subject to the filing requirements outlined in O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

40.     Defendant RIVERWOOD is responsible for any judgment rendered against defendant SWIFT and defendant DRIVER up to its policy limits of coverage.

41.     As a direct and proximate result of the aforesaid negligence, Plaintiff,  REESE, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and   past and future special damages in the amount of **$261,489.00** for Plaintiff (*this amount may be updated by timely amendment to this Complaint).*  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.  Plaintiff, REESE, has sustained permanent injuries within a reasonable degree of medical probability.

WHEREFORE, Plaintiff REESE, having fully set forth her claims for damages against Defendant RED ROCK, and based upon the pleadings found herein, Plaintiff REESE respectfully prays and requests that this Honorable Court:

(a)     Empanel a jury to hear her cause and determine all contested issues of fact;

(b)     Award Plaintiff REESE her actual damages against RIVERWOOD;

(c)     Award Plaintiff REESE her costs of this action, including reasonable attorneys' fees against RIVERWOOD; and award Plaintiff

(d)     REESE such other legal and equitable relief as this Honorable Court shall deem just and proper against RIVERWOOD.

## COUNT VI
## PUNITIVE DAMAGES

42.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 41 above as if fully restated.

43.     Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles plaintiff to an award of punitive damages.

WHEREFORE, plaintiff prays that he/she has a trial on all issues and judgment against defendants as follows:

(a) That plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b) That plaintiff recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

(c) That plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury; and

(d) That plaintiff recover such other and further relief as is just and proper.

Dated this <u>29th</u> day of June, 2022.

**FARAH & FARAH, P.A.**

_____

R. Lee Page, Jr., Esq.
Georgia Bar No.:  200245
**_Attorney for Plaintiff_**
2295 Parklake Drive NE, Suite 350
Atlanta GA 30345
**470-800-7206**
**Email Designation:**
Primary:  RLP-Pleadings@farahandfarah.com
Alt:  lpage@farahandfarah.com

STATE COURT OF
DEKALB COUNTY, GA.
6/30/2022 2:22 PM
E-FILED
BY: Monique Roberts

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

22A02433

No. _____

Date Summons Issued and Filed

7/5/2022

_____

/s/ Mundy Jackson

_____

Deputy Clerk

Deposit Paid $ _____

**SUMMONS**

Kanice Reese- 622 Filmore Street. Apt. 127B, Orange Park, FL 32065

_____

_____

(Plaintiff's name and address)

[ ]   **ANSWER**

**vs.**

Driver Jane Doe _____

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

R. Lee Page Jr.
_____
(Name)
2295 Parklake Drive, Suite 350, Atlanta, GA 30345
_____
(Address)
904-559-1287                              200245
_____
(Phone Number)                    (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

_____        _____
Defendant's Attorney                                                Third Party Attorney

_____        _____

_____        _____
Address                                                                    Address

_____        _____
Phone No.              Georgia Bar No.                        Phone No.              Georgia Bar No.

**TYPE OF SUIT**

| | | | | |
|---|---|---|---|---|
| G  Account | G Personal Injury | | Principal | $ _____ |
| G Contract | G Medical Malpractice | | | |
| G Note | G Legal Malpractice | | Interest | $ _____ |
| G Trover | G Product Liability | | | |
| | G Other | | Atty Fees | $ _____ |

G  Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

summons1-2008rev

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

No. __22A02433__

Date Summons Issued and Filed
__7/5/2022__

**SUMMONS**

__/s/ Mundy Jackson__

Deposit Paid $ _____

Deputy Clerk

Kanice Reese- 622 Filmore Street. Apt. 127B, Orange Park, FL 32065
_____

(Plaintiff's name and address)
_____

[ ]    **ANSWER**

**vs.**

Riverwood Claims Management Inc.- Care of National Registered Agents, Inc. 289 S. Culver Street, Lawrenceville, GA 30046

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

R. Lee Page Jr.
_____
(Name)
2295 Parklake Drive, Suite 350, Atlanta, GA 30345
_____
(Address)
904-559-1287                    200245
_____
(Phone Number)              (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

_____          _____

Defendant's Attorney                                              Third Party Attorney

_____          _____

_____          _____

Address                                                              Address

_____          _____

Phone No.              Georgia Bar No.                    Phone No.              Georgia Bar No.

**TYPE OF SUIT**

G  Account          G Personal Injury              Principal        $ _____
G  Contract         G Medical Malpractice
G  Note             G Legal Malpractice           Interest         $ _____
G  Trover           G Product Liability
                    G Other                        Atty Fees       $ _____

G  Transferred From _____
            **(Attach BLUE to Original and WHITE to Service Copy of complaint)**

summons1-2008rev

STATE COURT OF
DEKALB COUNTY, GA.
7/5/2022 12:08 PM
E-FILED
BY: Mundy B Jackson

No. 22A02433

Date Summons Issued and Filed 7/5/2022

/s/ Mundy Jackson

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

Kanice Reese- 622 Filmore Street. Apt. 127B, Orange Park, FL 32065

(Plaintiff's name and address)

**vs.**

[ ]   **ANSWER**

[ ]   **JURY**

Red Rock Risk Retention Group, Inc. Care of Virginia Henkels
2200 South 75th Ave, Phoenix, AE 85043

(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

R. Lee Page Jr.

(Name)

2295 Parklake Drive, Suite 350, Atlanta, GA 30345

(Address)

904-559-1287                              200245

(Phone Number)                        (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

Defendant's Attorney                                        Third Party Attorney

Address                                                         Address

Phone No.          Georgia Bar No.                    Phone No.                    Georgia Bar No.

**TYPE OF SUIT**

G  Account              G Personal Injury                  Principal         $ _____
G  Contract            G Medical Malpractice
G  Note                  G Legal Malpractice               Interest           $ _____
G  Trover               G Product Liability
                           G Other                                   Atty Fees        $ _____

G  Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

summons1-2008rev

**STATE COURT OF**
**DEKALB COUNTY, GA.**
**7/5/2022 12:04 PM**
**E-FILED**
**BY: Mundy B Jackson**

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

No. _22A02433_____

**SUMMONS**

Date Summons Issued and Filed
_7/5/2022_____

/s/ Mundy Jackson
_____

        Deputy Clerk

Kanice Reese- 622 Filmore St. Apt 127B, Orange Park, FL 32065
_____

Deposit Paid $ _____

_____

(Plaintiff's name and address)

[ ]   **ANSWER**

**vs.**
_____

Swift Transportation Company of Arizona LLC d/b/a Swift Transportation- 106 Colony
Park Drive, Suite 800-B, Cumming GA 30040_____

[ ]   **JURY**

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

          R. Lee Page Jr.
    _____
               (Name)
        2295 Parklake Drive NE. Suite 350. Atlanta, GA 30345
    _____
              (Address)
        904-559-1287                 200245
    _____
       (Phone Number)             (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

_____      _____
Defendant's Attorney                             Third Party Attorney

_____      _____

_____      _____
Address                                      Address

_____      _____
Phone No.      Georgia Bar No.            Phone No.             Georgia Bar No.

**TYPE OF SUIT**

| | | | | |
|---|---|---|---|---|
| G Account | G Personal Injury | Principal | $ | _____ |
| G Contract | G Medical Malpractice | | | |
| G Note | G Legal Malpractice | Interest | $ | _____ |
| G Trover | G Product Liability | | | |
| | G Other | Atty Fees | $ | _____ |

G Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

summons1-2008rev

STATE COURT OF
DEKALB COUNTY, GA.
7/5/2022 12:01 PM
E-FILED
BY: Mundy B Jackson

## AFFIDAVIT OF SERVICE

**State of Georgia**        **County of DEKALB**        **State Court**

Case Number: 22A02433

Plaintiff:
**Kanice Reese**

vs.

Defendant:
**Swift Transportation Company of Arizona LLC d/b/a Swift
Transportation**

For:
FARAH & FARAH, P.A.

Received by Platinum Process Servers on the 5th day of July, 2022 at 2.29 pm to be served on **Swift
Transportation Company Of Arizona Llc D/B/A Swift Transportation C/O CORPORATION
COMPANY, 106 COLONY PARK, SUITE 800 B, CUMMING, GA 30040**

I. Jason Garmon GA CPS #356, being duly sworn, depose and say that on the **6th day of July, 2022** at
**12:45 pm, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **SUMMONS, GENERAL CIVIL AND
DOMESTIC RELATIONS CASE INFORMATION FILING FORM, COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL** with the date and hour of service endorsed thereon by me. to. **DAYVON
JACKSON CORPORATION COMPANY** as **Registered Agent** at the address of: **106 COLONY PARK,
SUITE 800-B, CUMMING, GA 30040** on behalf of **Swift Transportation Company Of Arizona Llc D/B/A
Swift Transportation**, and informed said person of the contents therein, in compliance with state
statutes.

**Additional Information pertaining to this Service:**
7/6/2022  12:50 pm  DOCUMENTS DELIVERED INTO HANDS OF DAYVON JACKSON,
CORPORATION COMPANY. ~30 YO BM 5'8 160 BLACK HAIR BROWN EYES NO GLASSES.

Subscribed and Sworn to before me on the 15th
day of July, 2022 by the affiant who is personally
known to me.

NOTARY PUBLIC

**Jason Garmon GA CPS #356**
Process Server

**Platinum Process Servers**
**4434 Hidden Oaks Drive**
**Flowery Branch, GA 30542**
**(239) 344-6997**

Our Job Serial Number: PTU-2022000422

© 2022 Database Services, Inc. - Process Server's Toolbox V8.2

*FARAH & FARAH, P.A.*
*R. Lee Page, Jr. Esq #200245*
*2295 Parklake Dr. NE #350*
*Atlanta, GA 30345*
*470 800 7206*
*Attorney for Plaintiff*

IN THE STATE COURT
COUNTY OF DEKALB, STATE OF GEORGIA

| | | |
|---|---|---|
| KANICE REESE | ) | NO. 22A02433 |
| | ) | |
| | ) | |
| Plaintiff | ) | |
| vs. | ) | AFFIDAVIT OF SERVICE |
| | ) | BY PRIVATE PROCESS SERVER |
| RED ROCK RISK RETENTION GROUP, INC. | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

I, Jeff Bourne, being fully qualified to serve process under ARCP 4(e) within the State of Arizona and having been appointed by Maricopa County Superior Court, did receive the following documents:

SUMMONS
GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

In each instance I personally served a true copy of each document listed above on those named below in the manner, and at the time shown below.

Service of the above-named documents was made upon **Red Rock Risk Retention Group, Inc.** by leaving a copy with Stefan Andrews, Clerk of CT Corporation System, Statutory Agent, at 2:52pm on July 5, 2022 at 3800 N. Central Ave. #460, Phoenix, AZ 85012.

DATED: 7/8/22 _____      _____
                     JEFF BOURNE #5585                          NOTARY

I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

MICHAEL MENZIE DOUGLAS
Notary Public - Arizona
Maricopa County
Commission # 563784
My Commission Expires March 31, 2023

## AFFIDAVIT OF SERVICE

State of Georgia                    County of DEKALB                    State Court

Case Number: 22A02433

Plaintiff:
**Kanice Reese**

vs.

Defendant:
**Swift Transportation Company of Arizona LLC d/b/a Swift Transportation**

For:
FARAH & FARAH, P.A.

Received by Platinum Process Servers on the 5th day of July, 2022 at 2:29 pm to be served on **Riverwood Claims Management Inc Care of National Registered Agents., 289 S CULVER ST, LAWRENCEVILLE, GA 30046**.

I, Jason Garmon GA CPS #356, being duly sworn, depose and say that on the **5th day of July, 2022** at **3:00 pm**, I:

served a **REGISTERED AGENT** by delivering a true copy of the **SUMMONS, GENERAL CIVIL AND DOMESTIC RELATIONS CASE INFORMATION FILING FORM, COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** with the date and hour of service endorsed thereon by me, to: **JANE RICHARDSON NATIONAL REGISTERED AGENTS** as **Registered Agent** at the address of: **289 S CULVER ST, LAWRENCEVILLE, GA 30046** on behalf of **Riverwood Claims Management Inc**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
7/5/2022 3:00 pm  DOCUMENTS DELIVERED INTO HANDS OF JANE RICHARDSON. ~55 YO WF 5'9 200 LBS BLONDE HAIR HAZEL EYES NO GLASSES.

Subscribed and Sworn to before me on the 15th day of July, 2022 by the affiant who is personally known to me.

NOTARY PUBLIC

**Jason Garmon GA CPS #356**
Process Server

**Platinum Process Servers**
4434 Hidden Oaks Drive
Flowery Branch, GA 30542
(239) 344-6997

Our Job Serial Number: PTU-2022000423

© 2022 Database Services, Inc. - Process Server's Toolbox V8.2

STATE COURT OF
DEKALB COUNTY, GA.
7/22/2022 3:43 PM
E-FILED
BY: Mundy Jackson

FARAH & FARAH, P.A.
R. Lee Page, Jr. Esq #200245
2295 Parklake Dr. NE #350
Atlanta, GA 30345
470 800 7206
Attorney for Plaintiff

IN THE STATE COURT
COUNTY OF DEKALB, STATE OF GEORGIA

|  |  |  |
|---|---|---|
| KANICE REESE | ) | NO. 22A02433 |
|  | ) |  |
|  | ) |  |
| Plaintiff | ) |  |
| vs. | ) | AFFIDAVIT OF SERVICE |
|  | ) | BY PRIVATE PROCESS SERVER |
| RED ROCK RISK RETENTION GROUP, INC. | ) |  |
|  | ) |  |
| Defendant | ) |  |
|  | ) |  |

I, Jeff Bourne, being fully qualified to serve process under ARCP 4(e) within the State of Arizona and having been appointed by Maricopa County Superior Court, did receive the following documents:

SUMMONS
GENERAL CIVIL AND DOMESTIC RELATIONS CASE FILING INFORMATION FORM
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

In each instance I personally served a true copy of each document listed above on those named below in the manner, and at the time shown below.

Service of the above-named documents was made upon **Red Rock Risk Retention Group, Inc.** by leaving a copy with Stefan Andrews, Clerk of CT Corporation System, Statutory Agent, at 2:52pm on July 5, 2022 at 3800 N. Central Ave. #460, Phoenix, AZ 85012.

DATED: 7/8/22 _____          _____
                            JEFF BOURNE #5585                              NOTARY

I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

MICHAEL MENZIE DOUGLAS
Notary Public - Arizona
Maricopa County
Commission # 563784
My Commission Expires March 31, 2023

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

|  |  |  |  |
|---|---|---|---|
| KANICE REESE | ) | CIVIL ACTION NO.: | 22A02433 |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | | |
| | ) | | |
| SWIFT TRANSPORTATION CO. OF | ) | | |
| ARIZONA, LLC d/b/a SWIFT | ) | | |
| TRANSPORTATION, RED ROCK | ) | | |
| RISK RETENTION GROUP, INC., | ) | | |
| RIVERWOOD CLAIMS | ) | | |
| MANAGEMENT, INC., and DRIVER | ) | | |
| JANE DOE. | ) | | |
| | ) | | |
| Defendant. | ) | | |

## STIPULATION OF SERVICE

IT IS HEREBY STIPULATED AND AGREED, pursuant to O.C.G.A. § 9-11-4 Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, LLC. has been properly served in the above styled case.

This 22nd day of July, 2022.

Stipulated to by:

**FARAH & FARAH, P.A.**                                      **STONE KALFUS, LLP**

_____                          _/s/ Sheetal Brahmbhatt_____
R. Lee Page, Jr., Esq.                                    Sheetal Brahmbhatt, Esq.
Georgia Bar No.:  200245                            Georgia Bar No. 142065
2295 Parklake Drive NE, Suite 350              1360 Peachtree St. NE STE 1250
Atlanta GA 30345                                         Atlanta, GA 30309
*Attorney for Plaintiff*                                  *Attorneys for Defendant*

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| **KANICE REESE** | ) | **CIVIL ACTION NO.:**     **22A02433** |
|  | ) |  |
| **Plaintiff,** | ) |  |
|  | ) |  |
| **vs.** | ) |  |
|  | ) |  |
| **SWIFT TRANSPORTATION CO. OF** | ) |  |
| **ARIZONA, LLC d/b/a SWIFT** | ) |  |
| **TRANSPORTATION, RED ROCK** | ) |  |
| **RISK RETENTION GROUP, INC.,** | ) |  |
| **RIVERWOOD CLAIMS** | ) |  |
| **MANAGEMENT, INC., and DRIVER** | ) |  |
| **JANE DOE.** | ) |  |
|  | ) |  |
| **Defendant.** | ) |  |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing **Stipulation of Service**

upon all parties via US Mail to:

Sheetal Brahmbhatt, Esq.
1360 Peachtree St. NE STE 1250
Atlanta, GA 30309

This 22nd day of July 2022.

**FARAH & FARAH, P.A.**

R. Lee Page, Jr., Esq.
Georgia Bar No.:  200245
2295 Parklake Drive NE, Suite
350
Atlanta GA 30345
*Attorney for Plaintiff*

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA|

KANICE REESE,                          )
                                       )
            Plaintiff,                 )
v.                                     )          CIVIL ACTION
                                       )          22A02433
SWIFT TRANSPORTATION CO. OF            )
ARIZONA, LLC d/b/a SWIFT               )
TRANSPORTATION, RED ROCK RISK          )
RETENTION GROUP, INC.                  )
RIVERWOOD CLAIMS                       )
MANAGEMENT, INC., and DRIVER           )
JANE DOE,                              )
                                       )
            Defendants.                )

### DEFENDANTS SWIFT TRANSPORTATION CO. OF ARIZONA, LLC d/b/a SWIFT TRANSPORTATION'S and RED ROCK RISK RETENTION GROUP, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COME NOW, Defendants Swift Transportation Co. of Arizona, LLC d/b/a Swift Transportation ("Swift") and Red Rock Risk Retention Group, Inc. ("Red Rock") (collectively "Defendants"), and file this Answer and Defenses to Plaintiff's Complaint and show the Court as follows:

### First Defense

Pending additional investigation and discovery, Plaintiff's Complaint, taken as a whole, may fail to state a claim against one or more Defendant upon which relief may be granted.

### Second Defense

Pending additional investigation and discovery, Defendants state that Plaintiff's alleged injuries and damages may have been caused or contributed to by Plaintiff's actions.

### Third Defense

Plaintiff is not entitled to attorneys' fees against Defendants as a matter of law.

**Fourth Defense**

Pending additional investigation and to preserve defenses, Defendants assert the defenses of lack personal jurisdiction and venue.

**Fifth Defense**

Defendants reserve the right to remove the case to Federal Court.

**Sixth Defense**

Pending additional investigation and discovery, Defendants affirmatively preserve any and all defenses based on the applicable statute of limitations and/or the doctrine of laches.

**Seventh Defense**

Defendants breached no duty owed to Plaintiff.

**Eighth Defense**

No alleged breach of duty by Defendants was the proximate cause of Plaintiff's alleged damages.

**Ninth Defense**

Pending additional discovery and to preserve defenses, Defendants state that Plaintiff's claims may be barred or limited pursuant to the doctrine of comparative negligence.

**Tenth Defense**

Pending additional discovery and to preserve defenses, Defendants state that by the exercise of ordinary care, Plaintiff could have avoided the consequences of any acts or omissions of Defendants.

**Eleventh Defense**

Any claims for negligent entrustment, hiring, training, supervision, and/or retention are improper and unsupported as a matter of law and must be dismissed.

**Twelfth Defense**

Defendants deny that they is subject to any award of punitive damages in this case, but show that any award of punitive damages is limited by the cap imposed by O.C.G.A. § 51-12-5.1.

**Thirteenth Defense**

Plaintiff seeks punitive damages in this case. Defendants contend that there will not be evidence sufficient to create a jury issue on punitive damages, but also contends any award of punitive damages in this case would be unconstitutional and that the statutes allegedly authorizing punitive damages are unconstitutional on their face and as applied.  The award of punitive damages pursuant to O.C.G.A. §51-12-5.1 and the application of O.C.G.A. §51-12-5.1 in this case violates Amends. V and XIV of the United States Constitution and the Constitution of the State of Georgia Art. I, §I, Paragraphs I, XVII and XVIII for the following reasons, among others:

A. The statute, and the court decisions interpreting this statute, fail to notify individuals of the nature of the offense for which they may be liable for punitive damages, and they fail to limit the award of punitive damages to criminal or intentional behavior;

B. The statute, and the court decisions interpreting this statute, fail to inform judges and juries of the nature of the offenses for which punitive damages can be awarded;

C. The statute, and the court decisions interpreting this statute, fail to provide any standard or means of calculating the amount of punitive damages to be awarded;

D. The statute, and the court decisions interpreting this statute, allow persons to be repeatedly put in jeopardy of paying for the same offense;

E. To the extent the award of punitive damages is criminal or quasi-criminal in nature, such damages are awarded upon proof of clear and convincing evidence and not proof beyond a reasonable doubt, contrary to due process of law;

F. The statute, and the court decisions interpreting this statute, permit the award of excessive punitive damages without relation to the public safety, health or welfare said to be served by punitive damages.

**Fourteenth Defense**

Defendants state that no act or omission on the part of Defendants constitutes willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences.

**Fifteenth Defense**

Defendants state that there is no viable direct action claim against Red Rock, which is not a proper party to this case and must be dismissed.

**Sixteenth Defense**

Defendants reserve any and all other defenses to which they may be entitled and to which they may learn in the course of the investigation and discovery in this action.

**Seventeenth Defense**

Defendants respond to the individually-numbered paragraphs of Plaintiff's Complaint as follows:

**PARTIES AND JURISDICTION**

1.

Upon information and belief, admitted.

2.

Defendants do not have sufficient information at this time to admit or deny the allegations contained in this Paragraph, and place Plaintiff on strict proof of the same.

3.

Upon information and belief, admitted.

4.

Denied as pled.

5.

Admitted.

6.

Denied as pled.

7.

Upon information and belief, admitted.

8.

Denied.

9.

Denied.

10.

Denied.

11.

There is no Paragraph 11 in Plaintiff's Complaint.

12.

Denied.

13.

Defendants do not have sufficient information at this time to admit or deny the allegations contained in this Paragraph, and place Plaintiff on strict proof of the same.  Defendants deny any allegations or implications of negligence or liability.

14.

Denied.

## COUNT I

## NEGLIGENCE OF DRIVER JANE DOE

### 15.

Defendants incorporate by reference the responses to Paragraphs 1 to 14 of Plaintiff's Complaint.

### 16.

Denied.

### 17.

Denied.

### 18.

Denied.

### 19.

Denied.

### 20.

Denied.  Defendants deny the "prayer for relief" included in this paragraph.

## COUNT II

## VICARIOUS LIABILITY OF SWIFT TRANSPORTATION CO. OF ARIZONA, LLC

### 21.

Defendants incorporate by reference the responses to Paragraphs 1 to 20 of Plaintiff's Complaint.

### 22.

Denied.

23.

Denied. Defendants deny the "prayer for relief" included in this paragraph.

## COUNT III

## NEGLIGENT HIRING, TRAINING & SUPERVISION BY DEFENDANT SWIFT

## TRANSPORTATION CO. OF ARIZONA, LLC

24.

Defendants incorporate by reference the responses to Paragraphs 1 to 23 of Plaintiff's Complaint.

25.

Denied.

26.

Denied.

27.

Denied.

28.

Denied.

29.

Denied. Defendants deny the "prayer for relief" included in this paragraph.

## COUNT IV

## DIRECT ACTION AGAINST RED ROCK RETENTION GROUP, INC.

## PURSUANT TO O.C.G.A. 40-2-1-40

30.

Defendants incorporate by reference the responses to Paragraphs 1 to 29 of Plaintiff's Complaint.

31.

Denied.

32.

Denied as pled.

33.

Denied as pled.

34.

Denied.

35.

Denied. Defendants deny the "prayer for relief" included in this paragraph.

## COUNT V

## DIRECT ACTION AGAINST RIVERWOOD CLAIMS MANAGEMENT, INC.

## PURSUANT TO O.C.G.A. 40-2-1-40

36.

Defendants incorporate by reference the responses to Paragraphs 1 to 35 of Plaintiff's Complaint.

37.

Denied.

38.

Denied.

39.

Denied.

40.

Denied.

41.

Denied. Defendants deny the "prayer for relief" included in this paragraph.

## COUNT VI

## PUNITIVE DAMAGES

42.

Defendants incorporate by reference the responses to Paragraphs 1 to 41 of Plaintiff's

Complaint.

43.

Denied.

44.

Defendants deny all allegations and inferences of liability contained in Plaintiff's prayer

for relief set forth after Paragraph 43.

45.

Any allegations contained in Plaintiff's Complaint not admitted, denied, or otherwise

responded to above, are hereby denied.

**DEFENDANTS DEMAND A TRIAL BY JURY OF TWELVE.**

Respectfully submitted, this 4th day of August, 2022.

**DREW ECKL & FARNHAM, LLP**

*/s/Michael L. Miller*
Michael L. Miller
Georgia Bar No. 508011
Douglas G. Smith, Jr.
Georgia Bar No. 656005
*Attorneys for Defendants Swift and Red Rock*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com
smithg@deflaw.com

STATE COURT OF
DEKALB COUNTY, GA.
8/4/2022 9:34 AM
E-FILED
BY: Mundy Jackson

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA|**

| | | |
|---|---|---|
| KANICE REESE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | 22A02433 |
| SWIFT TRANSPORTATION CO. OF | ) | |
| ARIZONA, LLC d/b/a SWIFT | ) | |
| TRANSPORTATION, RED ROCK RISK | ) | |
| RETENTION GROUP, INC. | ) | |
| RIVERWOOD CLAIMS | ) | |
| MANAGEMENT, INC., and DRIVER | ) | |
| JANE DOE, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

Today I served a copy of *Defendants Swift Transportation Co. of Arizona, LLC and Red Rock Risk Retention Group, Inc.'s Answer to Plaintiff's Complaint* upon counsel of record via Statutory Electronic Service and through Odyssey eFileGA, which will electronically serve the following:

R. Lee Page, Jr.
Farah & Farah, P.A.
2295 Parklake Drive NE, Suite 350
Atlanta, GA 30345
lpage@farahandfarah.com

This 4th day of August, 2022.

**DREW ECKL & FARNHAM, LLP**

*/s/Michael L. Miller*
Michael L. Miller
Georgia Bar No. 508011
*Attorneys for Defendants Swift and Red Rock*

303 Peachtree Street, NE, Suite 3500
Atlanta, Georgia 30308
(404) 885-1400
millerm@deflaw.com
07423-240701

- 11 -